UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSEPH TROIANO,

       Plaintiff,

    -against-           **COMPLAINT**

CITY OF NEW YORK,
SHIMUL SAHA, and,
ADONIS LONG,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

    Plaintiff Joseph Troiano, by his attorneys the Lumer Law Group, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

    1.   At all times hereinafter mentioned, plaintiff Joseph Troiano was an adult male resident of New York County, within the State of New York.

    2.   At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

    3.   At all relevant times hereinafter mentioned, defendant Shimul Saha, whose tax number 967680, was employed by the City of New York as a member of the NYPD. Saha is sued herein in his individual capacity.

    4.   At all relevant times hereinafter mentioned, defendant Adonis Long,

whose tax number 936972, was employed by the City of New York as a member of the NYPD. Long is sued herein in his individual capacity.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

6.      The action is properly venued in the Southern District as the majority of the events complained of occurred in New York County.

**RELEVANT FACTS**

7.      Shortly after midnight on May 25, 2020, plaintiff was present on a number 6 subway train in New York County.

8.      When the train pulled into the station located at East 51 Street and Lexington Avenue the defendants Saha and Long approached plaintiff and demanded he exit the subway.

9.      The defendants did not have a lawful basis to eject plaintiff from the subway system.

10.      When plaintiff did not immediately exit the train, defendant Long struck the plaintiff's face or head at least twice with his right fist before forcefully throwing plaintiff and his belongings from the subway car onto the station platform.

11.      The defendants pepper sprayed and continued to assault plaintiff while he was on the station platform, despite the absence of any justification for the use of any force, much less the level of force the defendants employed.

12.      Plaintiff was handcuffed and transported in police custody to a local

2

area hospital where he was treated for his injuries.

13.     While plaintiff was in defendants' custody following his arrest, the defendants completed, or caused to be completed, arrest paperwork in which Saha falsely claimed that when the defendants attempted to arrest plaintiff for refusing to exit the train, plaintiff "did flail his arms and run (sic) away to prevent lawful arrest."

14.     The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the York County District Attorney's office ("DANY").

15.     The purpose of transmitting the documentation concerning plaintiff's arrest to the DANY was to ensure that the DANY would initiate plaintiff's criminal prosecution.

16.     Defendant Saha spoke with a member of the DANY while plaintiff was still in defendants' custody, during which he continued to make materially false allegations about the circumstances surrounding plaintiff's arrest.

17.     Based entirely on Saha's materially false communications, the DANY drafted a criminal complaint for Saha's review and signature.

18.     On May 25, 2020, Saha signed the criminal complaint under penalty of perjury in which he alleged, in part, "When I attempted to remove the defendant from the train, he began flailing his arms and kicking his legs, making it difficult to place him in handcuffs."

19.     This statement was false, as plaintiff did not flail his arms or kick his

legs.

20.     Saha further swore that, "I observed the defendant shove officer Long and I observed the two grappling on the floor as Officer Long and I attempted to place handcuffs on the [plaintiff]."

21.     This statement was false, as plaintiff did not shove Long, nor did he grapple, wrestle, or otherwise fight in any way with Long, much less on the floor, as alleged.

22.     Saha also swore, "I am informed by Police Officer Long that during the above described conduct, the defendant kicked his right hand."

23.     This statement was false, as plaintiff did not kick any of the officers.

24.     Saha concluded by swearing, I am further informed by Police Officer Long that as a result of the above-described actions of the [plaintiff], he sustained swelling and substantial pain to the knuckles of his right hand and was transported to the hospital. He informs me that because of the

swelling he is unable to open and close his hand without experiencing pain."

25.     The statement was false, as, to the extent that Long actually sustained any injury to his right hand during plaintiff's arrest, that injury was caused by Long repeatedly striking plaintiff in the head and because none of the conduct Saha claimed caused Long's injury occurred.

26.     Saha first told the DANY that Long suffered a broken arm. He then said that Long had a broken hand, then a broken finger, then a broken wrist. None of these statements were true. Long was diagnosed at the hospital with a contusion to his right hand.

4

27.     Plaintiff was then arraigned and criminally charged under docket CR-010384-20NY with assault in the second degree (NY Penal Law § 120.05(3)), which a D felony, and resisting arrest (NY Penal Law § 205.30), which is an A misdemeanor.

28.     Bail was set and plaintiff was jailed for a period of time.

29.     At no time on August 9, 2019, did plaintiff resist his arrest or engage in any actions that could reasonably be construed as criminal mischief or OGA.

30.     Upon information and belief, on November 24, 2020, the DANY dismissed the charges because, as they informed the court, it could not prove the charges beyond a reasonable doubt.

31.     At no time did plaintiff resist arrest or assault any of the defendants, and there was never any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32.     To the extent that any of the individual defendants did not participate personally in the assault on plaintiff, each such defendant was present prior to and during the assault and failed to intervene or otherwise attempt to protect plaintiff from the assault.

33.     At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the above mentioned misconduct.

34.     All of the injuries suffered by plaintiff were proximately caused by the defendants' use of force against plaintiff.

35.     At all times relevant herein, the defendants were on duty and acting

within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§ 1983 Excessive Force Claims Against the Individual Defendants)

36.    Plaintiff repeats the preceding allegations as though stated fully herein.

37.    The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances causing plaintiff to suffer serious physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

38.    To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

39.    By so doing, the individual defendants directly subjected the plaintiff to excessive force or failed to intervene in the use of excessive force against plaintiff, and aided and abetted in the violation of, plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

40.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**

**(§1983 False Arrest Claim Against the Individual Defendants)**

41.     Plaintiff repeats the preceding allegations as though stated fully herein.

42.     Defendants Saha and Long deliberately and intentionally arrested plaintiff without probable cause or any reasonable basis to believe that probable cause existed.

43.     Defendants Saha and Long caused plaintiff to be deprived of his liberty.

44.     Plaintiff was aware that he was being deprived of his liberty and did not consent to this deprivation.

45.     By so doing, defendants Saha and Long caused plaintiff to be subjected to false arrest and imprisonment in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

46.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

**THIRD CAUSE OF ACTION**

**(§1983 Fabricated Evidence/Denial of Fair Trial
Claim Against the Individual Defendants)**

47.     Plaintiff repeats the preceding allegations as though stated fully herein.

48.     The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial by fabricating evidence and communicating said

materially false statements and/or materially misleading factual claims to the DANY, thereby causing plaintiff to suffer a loss of liberty.

49.     To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

50.     By so doing, the individual defendants directly subjected the plaintiff to the denial of a fair trial through the use of fabricated evidence or through the failure to intervene in such misconduct by their fellow officers, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

51.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

### (§1983 Malicious Prosecution Claim Against the Individual Defendants)

52.     Plaintiff repeats the preceding allegations as though stated fully herein.

53.      The individual defendants willfully and intentionally caused the initiation of plaintiff's prosecution through the communication of materially false statements and/or materially misleading factual claims to the DANY.

54.     There was no probable cause for the prosecution of plaintiff for resisting arrest or assault.

55.     The criminal prosecution was terminated in plaintiff's favor.

56.     The defendants acted with malice in bringing about and sustaining the plaintiff's prosecution.

57.     To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

58.     By so doing, the individual defendants directly caused plaintiff to be maliciously prosecuted in violation of plaintiff's rights under the United States Constitution.

59.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

### (§1983 *Monell* Claim Against the City of New York)

60.     Plaintiff repeats the preceding allegations as though stated fully herein.

61.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD to guard against unconstitutional behavior and other misconduct.

62.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

63.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

64.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

65.     The failure of the City of New York and the NYPD properly to select,

train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

66.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, including, but not limited to those protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

67.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

68.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

69.     By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii.    actual damages in an amount to be determined at trial against the City of New York;

iii.   statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.    such other relief as the Court deems just and proper.

Dated:   New York, New York
         March 5, 2022

LUMER LAW GROUP
Attorneys for Plaintiff

Michael Lumer, Esq.
233 Broadway, Suite 900
New York, New York 10279
(212) 566-5060