UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOSEPH TROIANO,

                        Plaintiff,

          -against-

CITY OF NEW YORK
SHIMUL SAHA, and
ADONIS LONG

                    Defendants.

--------------------------------------------------------X

**ANSWER WITH CROSS-CLAIMS AGAINST THE CITY OF NEW YORK**

Docket No.: 22-CV-1895 (NRB)

Jury Trial Demanded

Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG, by his attorneys Worth, Longworth and London LLP, hereby answers Plaintiff's Complaint as follows:

### PARTIES, VENUE and JURISDICTION

1. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

3. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3, except admit he was a member of the NYPD.

4. Admit the allegations contained in paragraph 4.

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5.

1

6.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 except admit the events complained of occurred in New York County.

**RELEVANT FACTS**

7.      Admit the allegations contained in paragraph 7.

8.      Admit the allegations contained in paragraph 8.

9.      Deny the allegations contained in paragraph 9.

10.     Deny the allegations contained in paragraph 10.

11.     Deny the allegations contained in paragraph 11.

12.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 except admit Plaintiff was handcuffed.

13.     Deny the allegations contained in paragraph 13.

14.     Deny the allegations contained in paragraph 14.

15.     Deny the allegations contained in paragraph 15.

16.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17.     Deny the allegations contained in paragraph 17.

18.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18.

19.     Deny the allegations contained in paragraph 19.

20.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 20.

21.     Deny the allegations contained in paragraph 21.

22.    Admit the allegations contained in paragraph 22.

23.    Deny the allegations contained in paragraph 23.

24.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

25.    Deny the allegations contained in paragraph 25.

26.    Admit the allegations contained in paragraph 26 but deny that the contusion to his hand was his only injury.

27.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27, except admit that Plaintiff was charged criminally.

28.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28.

29.    Deny the allegations contained in paragraph 29.

30.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30 except admit the case was dismissed.

31.    Deny the allegations contained in paragraph 31.

32.    Deny the allegations contained in paragraph 32.

33.    Deny the allegations contained in paragraph 33.

34.    Deny the allegations contained in paragraph 34.

35.    Deny the allegations contained in paragraph 35, except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

## AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

### (§ 1983 Excessive Force Claims Against the Individual Defendants)

36.    In response paragraph 36, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG repeats and reiterates each and every response set forth in paragraphs 1-35 as if the same were fully set forth herein.

37.    Deny the allegations contained in paragraph 37.

38.    Deny the allegations contained in paragraph 38.

39.    Deny the allegations contained in paragraph 39.

40.    Deny the allegations contained in paragraph 40.

## AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

### (§ 1983 False Arrest Claim Against the Individual Defendants)

41.    In response paragraph 41, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG repeats and reiterates each and every response set forth in paragraphs 1-40 as if the same were fully set forth herein.

42.    Deny the allegations contained in paragraph 42.

43.    Deny the allegations contained in paragraph 43.

44.    Deny the allegations contained in paragraph 44.

45.    Deny the allegations contained in paragraph 45.

46.    Deny the allegations contained in paragraph 46.

## AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

### (§ 1983 Fabricated Evidence/ Denial of Fair Trial
Claim Against the Individual Defendants)

47.     In response paragraph 47, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG repeats and reiterates each and every response set forth in paragraphs 1-46 as if the same were fully set forth herein.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51.

## AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

### (§ 1983 Malicious Prosecution Against the Individual Defendants)

52.     In response paragraph 52, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG repeats and reiterates each and every response set forth in paragraphs 1-51 as if the same were fully set forth herein.

53.     Deny the allegations contained in paragraph 53.

54.     Deny the allegations contained in paragraph 54.

55.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 55.

56.     Deny the allegations contained in paragraph 56.

57.     Deny the allegations contained in paragraph 57.

58.     Deny the allegations contained in paragraph 58.

59.     Deny the allegations contained in paragraph 59.

## AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

### (§ 1983 *Monell* Claim Against the City of New York)

60.     In response paragraph 60, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG repeats and reiterates each and every response set forth in paragraphs 1-59 as if the same were fully set forth herein.

61.     Admit the allegations contained in paragraph 61.

62.     Deny the allegations contained in paragraph 62.

63.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 63.

64.     Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65.

66.     Deny the allegations contained in paragraph 66.

67.     Deny the allegations contained in paragraph 67.

68.     Deny the allegations contained in paragraph 68.

69.     Deny the allegations contained in paragraph 69.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

70.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

71.     The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion(s) mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

6

### AS FOR A THIRD AFFIRMATIVE DEFENSE

72.     The actions of Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG, as a sworn Police Officer of Defendant CITY OF NEW YORK, were justified and done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG reasonably believed that he was exercising his duties lawfully, and was acting within his statutory and constitutional powers.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

73.     Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG acted reasonably and in good faith in discharging his duties and responsibilities and as such is entitled to qualified immunity.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

74.     Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG may be limited by the provisions of Article 16 of the CPLR.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE

75.     That any sums or consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG to the extent the greater of either sums or consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

## AS FOR AN SEVENTH AFFIRMATIVE DEFENSE

76.    Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for civil rights claim.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

77.    Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

78.    If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts or omission or commission of Defendant CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

79.    All of the acts of Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG were performed under color of law and, within the scope of his duty and within the scope of his employment as a New York City Police Officers, and any liability to the Plaintiff must be assumed by his employer, Defendant CITY OF NEW YORK, pursuant to the principle of Respondeat Superior.

80.    Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG, then said Defendant is entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

8

## AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

81.    All of the actions of Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG were performed within the performance of his duty and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

82.    Any damages sustained by Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

83.    Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG then said Defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT
## THE CITY OF NEW YORK

84.    If Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG is found to be liable for damages in this action, such liability will have been caused or contributed to, in whole or in part, by the negligence and culpable conduct of the remaining Co-Defendants and NEW YORK CITY POLICE OFFICER ADONIS LONG is entitled to indemnification and/or contribution.

WHEREFORE, Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG respectfully demands judgment against Plaintiff as follows:

(a)    Dismissing Plaintiff's Complaint in its entirety;

(b)      Over and against Defendant, CITY OF NEW YORK for the amount of any

judgment obtained against Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG;

(c)      Granting Defendant NEW YORK CITY POLICE OFFICER ADONIS LONG

costs, disbursements, expenses of the action, reasonable attorney's fees, and such other and

further relief as this Court deems just and proper.

Dated: New York, New York
          July 25th, 2022

                                        Yours, etc.,


                                        _____/s/_____
                                        Mitchell Garber (MG 6652)
                                        WORTH, LONGWORTH & LONDON, LLP
                                        *Attorneys for Defendant Long*
                                        111 John Street - Suite 640
                                        New York, New York
                                        10038  (212) 964-8038

TO:      **VIA ECF**

         Michael Benjamin Lumer
         Lumer Law Group
         *Attorneys for Plaintiff*
         233 Broadway
         Suite 900
         New York, NY 10279

         Michelle Moshe
         New York City Law Department- Tort Division
         *Attorneys for Defendant City of New York*
         100 Church Street, 4th Floor
         New York, NY 10007

10